**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KSURE OF NEW YORK
CORPORATION,

      Plaintiff,

vs.                                        Case No. 6:13-cv-134-Orl-37GJK

BLUECHIP POWER, LLC; BLUECHIP
ENERGY, LLC; ADVANCED SOLAR
PHOTONICS, LLC; and ICT
INVESTMENTS, LLC,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Amended Complaint (Doc. 7), filed February 7, 2013;

2. Motion to Dismiss (Doc. 16), filed March 11, 2013; and

3. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24), filed March 22, 2013.

Upon consideration, the Court hereby dismisses the Amended Complaint without prejudice.

Defendants argue that the Amended Complaint "must be dismissed because it impermissibly groups all defendants together for each claim." (Doc. 16, p. 3.) The Court disagrees. The Amended Complaint alleges that Defendant LLCs are complexly affiliated, with each one having the same physical address and each represented by a Mr. Wang. (Doc. 7, ¶¶ 14–31.) Through their ostensible agent Mr. Wang, any one of the Defendant LLCs could have committed any of the violations alleged—breach of contract

(Count I), accounts stated (Count II), and goods sold and delivered (Count III). (*See, e.g.*, Doc. 7-1 (stating that BlueChip Energy was doing business as ICT Investments); Doc. 7-3 (listing Advanced Solar Photonics as the recipient of the goods and BlueChip Energy as the party to be notified); Doc. 7, ¶ 20 (stating that BlueChip Power was formerly known as BlueChip Energy).)

It is perfectly acceptable for Plaintiff to plead in the alternative. Fed. R. Civ. P. 8(d)(2). The Court does not expect Plaintiff to know, without the benefit of discovery, which Defendant or Defendants actually accepted the goods, which were responsible for the debt, and so on. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 604–06 (2008) (noting that pleading against alternative defendants in the same count is permitted, and stating that pinpointing one specific entity defendant prior to discovery is too difficult in certain situations). At this point, Plaintiff has made sufficient allegations that each Defendant could be liable for each count; if the actual facts turn out differently, that is a matter to be taken up on summary judgment. Thus, Defendants' motion to dismiss is due to be denied.

That said, the Court notes that the Amended Complaint nevertheless constitutes an impermissible shotgun pleading because each count realleges all of the preceding paragraphs, including the allegations in the previous counts.[1] *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun complaints are "altogether unacceptable," and it is the Court's obligation to direct that they be repled. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). Therefore, the Amended Complaint is due to be dismissed *sua sponte*. When Plaintiff repleads, it should identify which factual allegations are relevant to each count.

---

[1] Defendants do not raise this argument in their motion to dismiss.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss (Doc. 16) is **DENIED**.

2. Amended Complaint (Doc. 7) is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff has leave to file a second amended complaint that conforms to the strictures of this Order on or before Monday, **April 29, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 8, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record